NUMBERS 13-10-00008-CR
13-10-00009-CR



# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**IN RE: CROS MEDRANO, JR.**

---

**On Petition for Writ of Mandamus.**

---

**MEMORANDUM OPINION**

**Before Chief Justice Valdez and Justices Yañez and Vela
Memorandum Opinion Per Curiam[1]**

Relator, Cros Medrano, Jr., filed a pro se petition for writ of mandamus in the foregoing causes on January 8, 2010, seeking to compel the Honorable Sandra Watts, Presiding Judge of the 117th District Court of Nueces County, to rule on relator's unidentified motions addressing his jail time credit.

It is the relator's burden to provide this Court with a sufficient petition and record to establish his right to mandamus relief. *See generally* Tex. R. App. P. 52. Specifically, for instance, the relator must file an appendix with the petition for writ of mandamus, and the

---

[1] *See* Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).

appendix must include, inter alia, a certified or sworn copy of any order complained of, or any other document showing the matter complained of. *See id.* 52.3(k). The relator must also file a record including a "certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding," and "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." *See id.* 52.7(a). Further, relator must file a certification with the petition for writ of mandamus stating that every factual statement in the petition is supported by competent evidence included in the appendix or record. *See id.* 52.3(j). Finally, the petition for writ of mandamus must contain a "clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *See id.* 52.3(h).

In the instant case, relator has failed to meet these requirements and has thus failed to provide this Court with a petition and record sufficient to establish his right to mandamus relief. Specifically, relator contends that the respondent has failed to act on "two motions," however, relator has neither included these documents in the appendix or record, nor has he included documentation showing that the motions have been provided to the respondent for her consideration.

Accordingly, the petition for writ of mandamus in these causes is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).
Delivered and filed
this 12th day of January, 2010.